CONNELLY, Respondent, v. THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant; SOUTHERN RAILWAY COMPANY and MOBILE & OHIO RAILROAD COMPANY, Defendants.

**St. Louis Court of Appeals, November 13, 1906.**

1. **COMMON CARRIERS: Instruction: Commenting upon Evidence: Error Against One of Two Co-defendants.** In an action against two railroad companies for damage to freight, where one of the defendants was the initial and the other the connecting carrier and the bill of lading limited liability on the part of each carrier to damages occurring on its own line, a receipt given by the connecting carrier reciting that the property was in good order when received from the initial carrier was in-

troduced in evidence without objection from plaintiff. *Held,* an instruction directing the jury to regard the receipt as they would "any other part of the evidence," was an improper comment upon the evidence and tended to discredit the receipt in the minds of the jury.

2. ———: ———: ———: ———: **Joint Liability.** There being no joint liability and consequently no right of contribution between the defendants, the instruction was prejudicial and reversible error whether given on behalf of the plaintiff or one of the defendants or on the court's own motion.

3. **PRACTICE: Verdict: Disregarding Instructions.** In an action for damage to freight, where the jury was instructed, if they should find for plaintiff, to assess his damages at the difference between the value of the property when it arrived at its destination and its value if it had arrived uninjured and subtract therefrom certain charges for freight, and the verdict of the jury was "for the sum of $500 and the amount of the freight bill," this was a violation of the court's instruction and did not assess the damages in any certain sum; it could not be cured by remitting from the judgment the amount of the freight bill.

Appeal from St. Louis City Circuit Court.— *Hon. O'Neill Ryan,* Judge.

REVERSED AND REMANDED.

*McKeighan & Watts* and *Wm. R. Gentry* for appellant, Illinois Central Railroad Company.

(1) The defendant Illinois Central Railroad Company's demurrer to the evidence should have been sustained because, when all the evidence is examined, it will be found that it failed to show that the defendant Illinois Central Railroad Company was guilty of any negligence in the handling of plaintiff's goods, or that any damage whatever to such goods occurred upon the line of said defendant. Flynn v. Railroad, 43 Mo. App. 423; Lin v. Railroad, 10 Mo. App. 125. (2) The court erred in giving the instruction numbered 3 at the request of defendant Southern Railway Company. Such an instruction is a comment on the evidence of the char-

acter frequently censured by our courts. Barr v. Kansas City, 105 Mo. 559; McFadin v. Catron, 120 Mo. 274; Railway v. Stock Yards, 120 Mo. 565; 2 Thomp. on Trials, sec. 2330; Jones v. Jones, 57 Mo. 142; Fine v. Public School, 39 Mo. 67; Swink v. Anthony, 96 Mo. App. 420.  (3)  The verdict of the jury was so vague, indefinite and uncertain in its terms that nobody could understand what it meant.  It is absolutely necessary that the verdict in a case of this kind should be sufficiently clear in order that its meaning may be understood, without leaving any room whatever for doubt. We submit that the verdict in the case at bar is so worded that it does not form a basis for any judgment to be entered upon it.  Secs. 720, 721, 726, R. S. 1889; Kenney v. Railroad, 79 Mo. App. 209; Gates, Admr., v. Nickell, 42 Mo. 170; Doe v. Northern, 1 Wash. 282; Goosely v. Holmes, 3 Cal. 424; Ford v. Ford, 3 Wis. 399; Lake v. Gardee, 57 Ga. 459; Burghart v. Brown, 60 Mo. 24.

*J. D. Gibson* and *H. A. Loevy* for respondent.

GOODE, J.—This action was instituted to recover damages for injuries done to about half a carload of household furniture shipped by respondent from Jackson, Mississippi, to East St. Louis, Illinois.  The shipment was received by the Illinois Central Railroad Company at Jackson, routed to be carried by that company to Winona, Mississippi, there delivered to the Southern Railroad Company to be carried to West Point, Mississippi, there turned over by the Southern Company to the Mobile & Ohio Railroad Company to be carried to its destination, East St. Louis, Illinois.  The bill of lading provided that each carrier should not be liable for any damage done to the goods elsewhere than on its own line.  The goods were received at Jackson by the Illinois Central Company, June 23, 1905, were receipted for by the Southern Railroad Company at Win-

ona on the next day, and on June 29th the car was delivered by the Southern Company to the Mobile & Ohio Company at West Point. An inspection by an employee of the latter company disclosed that the contents of the car were in bad order and it was returned the next day to the Southern Company. That company held it until July 26th, when it was delivered in bad order to the Mobile & Ohio Company and carried to East St. Louis. On its arrival there the furniture was found to be so badly damaged that respondent refused to receive it and brought this action to recover its value. Some time prior to June 23, 1905, when the goods were received by the Illinois Central Company at Jackson, they had been shipped to Jackson from Pueblo, Colorado, and transportation charges had accrued on them amounting to $88. In some way respondent got possession of the goods without paying these charges and they were included, under the head of "advance charges," in the waybills of the Illinois Central Company and the other carriers which transported the goods to East St. Louis. The charges for transportation from Jackson to East St. Louis, made the total accrued charges at the latter point $116.34; or, at least, not in excess of this amount. Under the instruction given on the measure of damages the jury were directed to find the reasonable market value of the goods at East St. Louis at the date of shipment in the condition they were in when shipped, and subtract from the sum so found their reasonable market value in the condition they were in when they arrived at East St. Louis, and also the reasonable freight rates and advance charges accompanying the shipment. This action was instituted originally against the three railroad companies, the Illinois Central, the Southern and the Mobile & Ohio. The evidence proved the goods had been damaged before the last named company received them and, hence, respondent took a nonsuit as to it. The jury returned a verdict in favor of the Southern Railroad Company and against the Illinois Central, assessing re-

spondent's damages at "the sum of $500 and the amount of the freight bill." Thereupon the court entered judgment that "plaintiff have and recover of defendant, the Illinois Central Railroad Company, the sum of $500 and his freight bill found as aforesaid, together with his costs and charges herein expended and that execution issue therefor." Respondent filed a motion to correct the verdict of the jury, which was overruled. Subsequently respondent offered to remit that portion of the verdict awarding him damages for freight charges. This motion to remit was sustained and judgment entered as follows:

"It is therefore considered and adjudged by the court that the plaintiff recover of the defendant, the Illinois Central Railroad Company, the sum of $500, being the residue of said original judgment, together with his costs and charges herein expended, and have execution therefor."

Connelly, the respondent, had been an employee of the Illinois Central Railroad Company at its station in Jackson, and when he broke up housekeeping the company's chief agent at Jackson befriended him by allowing him to store the goods in controversy in the company's warehouse. This occurred in March, 1905, several months before they were shipped to East St. Louis. One defense relied on was that the damage occurred to the goods while they were in storage and not during transit. There was contradictory evidence on this point as there was, also, as to whether, if the goods were in good condition when received at Jackson, the damage occurred to them while on the Illinois Central's line or on the Southern's line. They were turned over to the Southern Company at Winona and receipted for by one of its employees as in good condition. The distance between Winona and West Point, to which the Southern Company was to transport them, is seventy-one miles. The conductor of the Southern freight train inspected the car at Maybin, forty miles from Winona, and the goods were then found

to be scattered over the floor of the car and damaged.
The Southern Company's receipt was put in evidence.
Its substance, as printed in the abstract, is as follows:

"Station and date. Winona, Mississippi, 6—24—
1905. Consignee, G. C. Walker, agent Sou. Ry. for F.
L. Connelly, O. S. & D. Clerk, East St. Louis, Ill. Re-
ceived from Illinois Central Railroad Company follow-
ing articles in good order.

"Shipper, original point shipment; Con. Line Ref.,
J. R. S. X. I. C. 7111. Mfs. 459 1-4; Billing Station,
Jackson, Miss.; Waybill date 6—23 and No. 1366. Car
initial Sou. No. 34421." Then follows a list specifically
enumerating the articles mentioned in the bill of lading
which was offered in evidence in this case and which is
the same as set forth in plaintiff's petition. Under the
heading of 'advances' is written 97.53. At the bottom
of the receipt is written "O. R. Val. 5.00 cwt. 2985—32.
The receipt is signed W. W. W."

At the request of the Southern Company and over
the objection of the Illinois Central, the court gave this
instruction:

"The court instructs the jury that the paper read
in evidence purporting to be a receipt given on be-
half of the defendant, Southern Railway Company, for
the plaintiff's household goods at Winona, Mississippi,
may be regarded by you in considering your verdict as
any other part of the evidence, and you may give it such
weight as you may believe from the evidence that it is
entitled to under all the circumstances, considering the
manner of its execution, its authenticity, reasonable-
ness and all other circumstances connected with it; but
you are not required to accept it as conclusive and as
establishing the facts herein stated, and if you believe
that the evidence as a whole preponderates against any
or all of the facts therein stated, you are at liberty to so
find."

The instructions to the jury precluded a verdict against the Illinois Central Company except on a finding that the property was delivered to it in good order at Jackson, and the further finding that it was damaged and broken while on said company's line and before it was turned over to the Southern Railroad Company at Winona. The instructions likewise precluded a verdict against the Southern Company unless the damage to the property occurred on its line.

1. The appellant, the Illinois Central Company, complains of the instruction given at the instance of the Southern Company in regard to the weight to be attached by the jury to the latter company's receipt, executed when the property passed into its hands at Winona. The ground of complaint is that said instruction was an improper comment on an isolated piece of evidence, and, moreover, was misleading in that it directed the jury to regard the receipt as they would "any other part of the evidence." It will be observed that the receipt recited that the respondent's property was received by the Southern Company from the appellent "in good order." Appellant contends that the court's instruction unduly weakened the effect of that recital. The receipt was only prima facie evidence between the parties to it; the two railroad companies, regarding the condition of the goods. It would have been no more had it been an original bill of lading issued to respondent. [4 Elliott, Railroads, sec. 1420, and cases cited in the note to the section.] But as the evidence shows the custom at Winona was for some employee of the Southern Company to inspect the condition of the freight tendered by the Illinois Central, before receiving it, the recital in the receipt that the goods were in good order when the Southern Company took them, was strong evidence, as between it and the Illinois Central, that the recital was true. We hardly see how the receipt was competent against the plaintiff in the present action; but as it appears to have been introduced without objection, ap-

pellant was entitled to its full force as evidence tending to exonerate appellant from liability. The instruction given went too far in its comments and especially in stating that the receipt was to be regarded as any other part of the evidence; an expression which might be taken to mean that it had no more weight than any other bit of evidence. Some portions of the evidence were practically of no moment on the question of which company was liable for the damage to the property. The instruction had a tendency to discredit the receipt in the minds of the jury and cause them to deem it of little importance. It is said that appellant cannot take advantage of this error because respondent did not request the instruction. There was no joint liability on the part of these companies and they may have been wrongly joined in the action. As to that we say nothing, no point having been made about it below. The important fact in this connection is that appellant introduced the Southern Company's receipt to prove the property left its hands uninjured; and the document having been admitted, appellant may complain of an instruction detracting from its force and effect, whether it was given at respondent's instance, on the the court's own motion or at the request of a co-defendant. Respondent's counsel rely on the case of O'Rourke v. Railroad, 142 Mo. 342, 44 S. W. 254, wherein the plaintiff, while a passenger on a car of the Suburban Railway Company, was injured by a collision of that car with a car of the Lindell Railway Company and sued both companies. A verdict was returned against the Lindell Company and in favor of the Suburban. The Lindell Company appealed, complaining of an instruction given at the instance of its co-defendant, the Suburban Company, defining the latter's liability. The Supreme Court held that the instruction complained of was not prejudical to the appealing company because the judgment was not conclusive against its right to recover contribution from the Suburban, there having been no issue raised in the cause

involving the liability of the defendants as between themselves. This is a very different case. There can be no question of contribution between appellant and the Southern Railroad Company. One or the other was wholly responsible for the damage to the property and that one was responsible which had charge of it when the damage occurred. The jury having fastened liability on the appellant, it can have no action over against the Southern Company for contribution.

In returning their verdict, the jury disobeyed the charge of the court. They were directed, in effect, to find what would have been the value of respondent's property if it had arrived at East St. Louis uninjured, and subtract from that sum its value in its damaged condition on arrival and deduct the reasonable advance charges and freight rates. Instead of doing this, the jury assessed respondent's damages at $500 and the amount of the freight bill. If it is said they found that the property in good order would have been worth enough to make respondent's loss from the damage done in transit, amount to a sum equal to $500 plus the freight bill, the answer is that no such intention is shown by the language of the verdict. We know not what the jury intended, if they did not intend to award damages to the amount of $500, and exonerate plaintiff from paying the freight. But this is exactly what the court ordered them not to do. Whether it was competent, under the pleadings, for defendant to claim a setoff for the advance charges, is a question not before us at present. This verdict was not only bad in form, but, as far as appears, was wrong in spirit; because it disregarded the court's instruction. It should have been corrected before receiving it, or set aside afterwards. Of course a verdict will not be set aside for an informality, if it shows an intelligent finding of the issues by the jury and can be reconciled with the law of the case. [State v. Wilson, 1 L. R. A. 795.] But one uncertain in meaning and incapable of being made certain, or one in violation

of the law, ought not to stand. [Kenney v. Railroad, 79 Mo. App. 204, 209.] The verdict in this case is open to both these objections. The jury did not assess respondent's damages at a certain sum, nor, in any proper sense, assess them at all. This was the very thing they should have done and that no one else had the power to do. [Cates, Admr., v. Nickell, 42 Mo. 169.] Nor could the fault be cured by remitting the finding for freight charges, because, under the law as declared by the court, the amount of those charges should have been found by the jury and deducted from the value of respondent's property, which, also, the jury alone could find. Now instead of doing this, the jury added the freight charges to the money damages awarded. In short, it is impossible to discern on what theory the jury proceeded in measuring respondent's damages, unless they adopted a theory opposed to the court's charge. [Koetz v. Blackman, 46 Mo. 320.]

The judgment is reversed and the cause remanded. All concur.