CONNELLY, Appellant, v. THE ILLINOIS CENTRAL
RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals, October 20, 1908.

1. **COMMON CARRIERS: Conflict of Laws: Connecting Carriers.**  The  statute  making  an  initial  carrier  liable  for damage to goods shipped from some point in this State over its line and that of connecting carriers, whether such damage occurred on the line of the initial carrier or connecting carriers, cannot apply to the carriage of goods entirely outside this State.

2. ————: **Connecting Carriers: Prima-Facie Case: Final Carrier.**  Where goods are delivered to a carrier in good condition to be transported over its own line and the lines of other carriers and the property is damaged en route, proof that the goods

were delivered to the owner at destination in bad condition establishes a prima-facie case against the final carrier.

3. ——: ——: ——: **Initial and Intermediate Carriers.** But in order to make a case against the initial or intermediate carriers on the common law liability (in cases not affected by our statute) the owner must do more than show the property was damaged when it reached destination—must prove the damage happened while in the custody of the company he seeks to charge.

4. ——: ——: ——: **Instructions.** It is not proper for a trial court to instruct a jury regarding a legal presumption. Where, in an action by a shipper against an initial carrier for loss of goods, there was evidence tending to prove the loss occurred on the initial carrier's line, and also evidence to show the loss occurred on an intermediate carrier's line, it was error to instruct the jury that if certain facts were shown tending to prove the loss occurred on the intermediate carrier's line, in the absence of evidence to the contrary, the law would presume the damage was done on that line and not on the line of the initial carrier, the instruction was harmful because it might lead the jury to think there was no evidence where there was evidence.

5. ——: ——: ——: **Prima-Facie Case.** In an action against an initial carrier for damage to goods shipped over its line and that of connecting carriers, the evidence is examined and held, while the weight of evidence seemed to show the damage occurred on the line of an intermediate carrier, there was evidence to submit to the jury the question whether it occurred on the line of the initial carrier.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

REVERSED AND REMANDED.

*H. A. Loevy* for appellant.

(1) Instruction No. 3 for respondent is erroneous: (a) Because it assumes and takes it for granted or admitted by appellant that the Southern Railroad Company was in possession of the car between Winona and West Point, which is not the case. Cole v. Long, 1 Mo. App. 315; Dulaney v. Sugar Co., 42 Mo. App. 662; Chouquette v. Barada, 23 Mo. 331; Meritt v. Given, 34

Mo. 98; Turner v. Loler, 34 Mo. 461; Moffatt v. Conklin, 35 Mo. 453.  Sawyer v. Railroad, 37 Mo. 240; Thompson v. Botts, 8 Mo. 710; Linn v. Bridge Co., 78 Mo. App. 117; Kuperschmid v. Railroad, 70 Mo. App. 438, 440; Smith v. Woodmen, 179 Mo. 129.  (b)  Because the law does not raise any such presumption as a presumption of law as that set forth in this instruction.  (c)  It is error to instruct juries concerning presumptions of law.  Glover v. Duhle, 19 Mo. 226; Moies v. Eddy, 28 Mo. 382; Ham v. Barrett, 28 Mo. 389; Lynch v. Railroad Co., 112 Mo. 233; Erhart v. Dietrich, 118 Mo. 427, 430; Bluedorn v. Railroad, 121 Mo. 270, 271; Schepers v. Railroad, 126 Mo. 670; Morton v. Heidorn, 135 Mo. 616; Speer v. Burlingame, 61 Mo. App. 96. (d) Because such a declaration in an instruction is an abstract proposition of law and therefore decidedly improper and prejudicial. Campbell v. Transit Co., 121 Mo. App. 412; Albert v. Desel, 88 Mo. 150; Barton v. Odessa, 109 Mo. App. 76. (e)  Because it singles out and gives special and undue prominence to a particular fact as decisive of the issues. Smith v. Woodmen, 179 Mo. 137; Ebhart v. Transit Co., 190 Mo. 620; Blair v. Railroad, 31 Mo. App. 231; Steinwender v. Creath, 44 Mo. App. 366; Schumacher v. Transit Co., 109 Mo. App. 233; McKnight v. Hudson, 116 Mo. App. 554; Boyce v. Railroad, 120 Mo. App. 175; Hudson v. Rodgers, 121 Mo. App. 177; Railroad v. Stock Yards, 120 Mo. 541.

*Watts, Williams & Dines* and *Wm. R. Gentry* for respondent, Illinois Central Railroad Company; *J. G. Drennan* of counsel.

Instruction No. 3 given for respondent is not subject to any of the criticisms made by appellant.  It correctly declares the law.  It sets forth the theory adopted by plaintiff.  Flynn v. Railroad, 43 Mo. App. 424; Crouch v. Railroad, 42 Mo App. 248; Hurst v. Railroad, 117 Mo. App. 38; Parks v. Railroad, 178 Mo. 108.

GOODE, J.—This cause was reviewed by us before on questions different from those now presented. A report of the former decision will be found in 120 Mo. App. 652; but it will help the reader to restate the principal facts. The action counts on the common law liability of a carrier and was brought to recover for damage done to appellant's household furniture while in transit from Jackson, Mississippi, to East St. Louis, Illinois, over three railroad companies; the respondent, the Illinois Central Company, The Southern Railroad Company and the Mobile & Ohio Railroad Company. The goods were received by respondent company at Jackson, and loaded in one end of a freight car which contained in the other end twenty barrels of flour. The car doors were sealed and the car carried by respondent to Winona, Mississippi, where it was turned over to the Southern Company, which carried it to West Point, Mississippi, and there after considerable delay, turned it over to the Mobile & Ohio Company. The delay at West Point was due to the refusal of the agent of the Mobile & Ohio Company to receive the car, on account of the damaged condition of the goods, until an arrangement was made by which the Southern Company delivered the property to the Mobile & Ohio as in bad order. Because the goods were damaged before delivery to the Mobile & Ohio Company, the action, which was originally against the three railway companies, was dismissed as to it. On the second trial a verdict was returned in favor of respondent, and appellant brought the case here, complaining of instructions given by the court. It will be observed the carriage of the goods was entirely outside this State and hence was not affected by our statutes providing that when shipments begin in this State the initial carrier shall be liable for damage occurring anywhere on the route. [R. S. 1899, sec. 5222; Crouch v. Railroad, 42 Mo. App. 248.] The case was tried by both parties on the assumption that either de-

fendant was liable only for whatever damage occurred while the goods were in its charge and on its own line. The instructions given at the request of appellant allowed a verdict against the Illinois Central Company in the event the jury found the furniture was in good order when loaded on said company's car, and while it was in transit and before delivery to the Southern Company at Winona, it was broken or otherwise damaged. A counterpart of said instruction was granted at respondent's request, advising the jury it was not liable if the goods were delivered by it to the Southern Company at Winona in the same condition they were in when received for shipment at Jackson. But at the request of respondent the court also instructed that if the car was opened on June 26th between Winona, where the Southern Company received it, and West Point, to which said company carried it, and the goods were then in a damaged condition, and the goods on said date had been in the possession of the Southern Company since June 24th, the law, in the absence of evidence to the contrary, would presume any damage done after the goods were loaded at Jackson, occurred while they were in the possession of the Southern Company; and under the terms of the bill of lading offered in evidence, the Illinois Central Company was not liable for this damage. Appellant assigns the giving of this instruction for error. It advised the jury as to what the law would presume in a given instance, i. e., the absence of evidence to prove the damage to the goods occurred prior to June 24th, when the car passed into the care of the Southern Company, and that in said contingency the presumption was the damage occurred while the goods were in the custody of the Southern Company and respondent was not liable. The argument of counsel for respondent in favor of the instruction is, that the law presumes damage done to property in the course of its transit over the lines of two or more public carriers, occurred while it

was in charge of the final carrier unless there is evidence to the contrary; and in support of this proposition they cite Crouch v. Railroad, 42 Mo. App. supra; Flynn v. Railroad, 43 Mo. App. 224; Hurst v. Railroad, 117 Mo. App. 25. When property is delivered to a carrier in good condition to be transported over its own line and the line or lines of one or more other carriers, and the property is damaged en route, for the purpose of giving an effective remedy to the owner, who can rarely prove what carrier was to blame for the damage, it is held proof the goods were delivered to the owner at destination by the final carrier in bad order, establishes a prima-facie case against said carrier. That is because it could have protected itself from responsibility for losses occurring prior to its reception of the property by an inspection of its condition at the transfer point. And moreover, sources of evidence regarding where the blame rests are more accessible to the last carrier than they are to the shipper. [Flynn v. Railroad, 43 Mo. App. 424, 438.] In order to make a case against an initial or intermediate carrier on its common law liability, the owner must do more than show the property was found to be damaged when it reached destination—must introduce evidence to prove the damage happened while the property was in the custody of the company he sues. We are speaking now of shipments not affected by our statutes. But this presumption in favor of initial and intermediate carriers, like other legal presumptions, is not one which properly can be declared to the jury if there is evidence touching the issue of where the property was when it was injured. The reason of this rule is that submitting the question to the jury as one of fact, implies there is evidence regarding it; and to tell them what the law will presume in the absence of evidence, may lead them to think there is no evidence one way or the other—a conclusion contrary to the hypothesis on which the issue is submitted. [Moberly v. Railroad, 98 Mo. 183; Rapp

v. Railroad, 106 Mo. 424, 428; Myers v. Kansas City, 108 Mo. 480, 487.] The appropriate use of presumptions of law is to indicate to the court where the burden of proof rests. If the law presumes so-and-so in the absence of evidence, then unless the party who relies on the fact introduces evidence to prove it, it will be presumed the fact did not exist and the court will, as a matter of law, hold against said party. If appellant put in no evidence which conduced to prove the damage to his goods occurred on respondent's line, a verdict in favor of the company should have been ordered. Instead of doing this the court left it to the jury to determine whether or not the loss occurred on said company's line, thereby taking for granted there was evidence to prove it did. Therefore the instruction in hand under the authorities supra, was erroneous and harmful, because it conceded the possibility of there being no evidence the loss occurred on respondent's line—a theory opposed to the instructions given for appellant. This error must be held material unless we can say there was no evidence tending to prove the goods were damaged while in respondent's custody, and, therefore, the demurrer offered by respondent to appellant's evidence should have been sustained. To our minds the weight of evidence shows the damage was done after the furniture was received by the Southern Company and while in its custody, as the jury found. Said company's agent at Winona said he examined the car at that transfer point and its contents were in good order. The car was opened between Winona and West Point, where it was to be delivered to the Mobile & Ohio Company, and then the property was found to be damaged. But the witnesses who testified to those facts were introducel by respondent and appellant was not bound by their testimony. Neither was the jury bound to believe them if their manner on the stand discredited them, or if the evidence as a whole would support another inference. [Gannon v.

Gaslight Co., 145 Mo. 502, Mowry v. Norman, 204 Mo. 191; Hunter v. Wethington, 205 Mo. 292, 293.] Testimony was given that the furniture, which consisted of chairs, rocking chairs, sewing machines, and other household property, was packed at one end of the car with a space of over six feet between it and the barrels of flour which were in the other end. Many of the articles were neither boxed, crated nor burlapped, but some of them were tied together to hold them in place. One witness swore the goods were improperly loaded and packed. It is plain the furniture was so arranged that it was apt to be shaken about and broken while in transit over appellant's line to the transfer point, and whether it was or not was for the jury to say.

The instruction that respondent was not liable for any damage to the furniture which occurred while it was stored in respondent's warehouse prior to shipment, was outside the issues made by the pleadings, but would not constitute reversible error.

The judgment is reversed and the cause remanded. All concur.