LOUIS BETTMAN et al., Appellants, v. MOBILE & OHIO RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals, November 12, 1912.

1. COMMON CARRIERS: Bill of Lading: Conclusiveness: Evidence. A dray ticket issued by a common carrier, reciting that certain goods were received in good order, and a bill of lading issued by it, reciting that the goods were received in apparent good order, do not estop the carrier from asserting, in an action against it for damage to the goods, that they were damaged before they were delivered to it.

2. APPELLATE PRACTICE: Conclusiveness of Findings of Fact. In an action at law, tried before the court sitting as a jury, it is the province of the court to pass upon the weight and sufficiency of the evidence, and if it finds that the evidence establishes the fact found, such finding will not be disturbed, on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

AFFIRMED.

*Henry H. Furth* for appellants.

(1) The trial court erroneously held that there was a "complete failure of proof." Appellants made a prima facie case of liability on the part of respondent, which, unless rebutted by evidence, became con-

clusive. A shipper makes out a prima facie case by proof of delivery to the carrier in good condition and the carrier's failure to deliver in like condition. Elam v. Railroad, 117 Mo. App. 453; Hurst v. Railroad, 117 Mo. App. 25; Springer v. Westcott, 46 N. Y. S. 589; Hutkoff v. Railroad, 61 N. Y. S. 254. (2) The proof satisfied the trial court, and it expressly found that the injury to the goods occurred after their delivery to the drayman. The condition of the goods at the time of their delivery to respondent, whether damaged or not, was therefore a circumstance open to inspection. The carrier's receipt, stating that they were received in good order, is therefore prima facie evidence that they were in fact in good order when received by respondent. A bill of lading, or dray ticket, acknowledging receipt of goods in good order is prima facie evidence as to all circumstances which were open to inspection. 1 Hutchinson on Carriers (3 Ed.), sec. 158, p. 164; 6 Cyc. 417, 423; 2 Redfield on Railways (6 Ed.), sec. 187, p. 175; Hastings v. Pepper, 28 Mass. (11 Pick.) 41; Barrett v. Rogers, 7 Mass. 300, 5 Am. Dec. 45; Foley v. Leh. Val. R. Co., 96 N. Y. S. 182; Fasy v. Navigation Co., 79 N. Y. S. 1103; Tarbox v. Eastern Stbt. Co., 50 Me. 339; Richards v. Roe, 100 Mass. 524; Railroad v. Cowles, 32 Ill. 116; Railroad v. Cobb, 72 Ill. 148; Hazard v. Railroad, 67 Miss. 32; Steamboat Missouri v. Webb, 9 Mo. 193; Siegfried v. Railroad, 126 S. W. 798; L. Steinberg Co. v. M. D. T. Co., 126 N. W. 21.

*R. P. & C. B. Williams* for respondent.

(1) The case below having been tried before the court, jury being waived and the court below having found for defendant, this court will not weigh the evidence nor pass upon the sufficiency of the same. Carr v. Ubsdell, 97 Mo. App. 331; Conrad v. Railroad, 116 Mo. App. 517; Dowling v. Wheeler, 117 Mo. App. 182; Lit-

tle v. Steam Pipe Co., 122 Mo. App. 620; Morrison v. Bonner, 195 Mo. 535. (2) The recital in a bill of lading that the goods received by a railroad company for shipment are in good order applies to the outside appearance of the package alone, where the goods are enclosed in a package, and does not create a *prima facie* case that the contents of the package are in good order. 1 Hutchinson on Carriers, sec. 163; 4 Elliott on Railroads, sec. 1420; Railroad v. Holder, 30 S. W. 384, 10 Tex. Civ. App. 223.

REYNOLDS, P. J.—This is an action by plaintiff to recover damage to merchandise said to have been delivered in good order to defendant as a common carrier, it being averred that in violation of its undertaking, defendant had failed and neglected to deliver it in good order to the consignees at its destination and suffered the same to become greatly damaged in transportation. It is stated in the petition that the original consignees had assigned and conveyed to plaintiffs all their claim and right of action against defendant for the loss and damage to the merchandise aforesaid, whereupon plaintiffs demand judgment for the amount with interest and costs.

The answer, admitting the copartnership of plaintiffs and that defendant is a corporation and common carrier, operating its line of railroad between East St. Louis, Illinois, and Jackson, Tenn., defendant denies all the other allegations in the petition.

The cause was tried before the court, a jury being waived. No declarations of law were asked or given.

At the conclusion of the trial the court found for defendant and rendered judgment accordingly. From this plaintiffs have duly perfected their appeal.

From a stipulation filed in the case and which was introduced in evidence at the trial, it appears that

on the 19th of September, 1904, plaintiffs delivered to defendant at its freight depot in East St. Louis, Illinois, three packages of merchandise containing clothing and ladies' wrappers, consigned to parties at Jackson, Tenn. Defendant, on receipt of the merchandise, executed a receipt on a dray ticket, which dray ticket, dated September 17, 1904, recites: "Received in good order from Bettman, Kleinhauser & Co., Wholsesale Clothiers, 709, 711 Washington Ave. By M. & O. To be delivered to Rosenbloom Brothers, at Jackson, Tennessee, . . . 3 cases clothing." Here follows the number of packages, their weight and various initials and figures not necessary to set out. It also appears that later defendant issued and delivered to plaintiffs a regular bill of lading in exchange for the dray ticket. This bill of lading does not appear in the abstract of appellant but in a supplemental abstract filed by respondent and not controverted, it is set out that it was in usual form and shows on the receipt part of it the following: "St. Louis, Missouri, September 19, '04. Received by the Mobile and Ohio Railroad Company (hereinafter called the company) from Bettman- Kleinhauser & Co. (hereinafter called the shipper), and who makes this contract as owner or agent for the owner, the following described property (contents and value unknown), and in apparent good order, except as noted; signed and marked as indicated, to be transported by the Mobile and Ohio Railroad Company to Jackson, Tenn.," to the consignees before named. The merchandise was transported by the Mobile & Ohio Railroad Company from East St. Louis to Jackson, Tenn., and there delivered to the consignees on the 20th day of September, 1904. Upon being examined by the consignees immediately after delivery thereof, the merchandise was found to be wet and damaged, whereupon the consignees returned it to the Mobile & Ohio Railroad Co., at Jackson. After the consignees

had returned the merchandise to the railroad company it offered it to plaintiffs, but plaintiffs refusing to receive it, defendant sold it and tendered the amount realized at the sale to plaintiffs, which they refused to receive "in full satisfaction and discharge of the claim" against the railroad company. It appears that the parties have arranged among themselves about this money and that feature is out of the case. It is further set out in the stipulation that these three cases of merchandise were delivered by plaintiffs to a drayman in St. Louis, to be delivered by him to the railroad company, and they were so delivered by him to that company at its freight depot in East St. Louis. It is further stipulated that the condition of the weather in St. Louis on the 18th and 19th of September, as shown from the reports of the weather bureau, was as follows: "Maximum temperature 73 degrees, minimum temperature 53 degrees. Rain occurred from 10:30 p. m. of the 18th, to 7:35 a. m. of the 19th. The amount of rainfall 1.7 inches." It is further agreed that there was no perceptible rainfall in East St. Louis on the 19th of September after 7:35 a. m., and no perceptible rainfall on the 19th or 20th of September from East St. Louis to Jackson, Tenn. The value of the articles was stipulated, and it was also stipulated that the car in which the merchandise was loaded contained other goods beside this shipment and that none of these other goods were damaged, and that the car itself was in good condition. It is further stipulated that certain depositions or parts of depositions might be read which had been used in another case, and it was admitted that plaintiffs are the assignees of the consignees of this cause of action. Finally, it was stipulated that either party at the trial of the cause might introduce any other proper evidence desired.

Following the introduction and reading of this stipulation, a large volume of oral testimony was in-

troduced on the issue as to whether the damage which had occurred to the merchandise in these three cases had occurred while in the hands of the defendant railroad company or whether that damage had occurred prior to the delivery of the goods to it. It appears that plaintiffs delivered the cases of goods to the drayman between 9 and 10 o'clock of the morning of the 19th, although they had been packed on the 17th, remaining in the custody of plaintiffs in St. Louis over Sunday, the 18th, and that they were delivered to defendant at East St. Louis about noon of the 19th. When the cases reached Jackson they appeared to be in good condition, although they were wet, and when opened the contents were found to have been damaged by water; that no rain fell after delivery of the goods to the carrier at East St. Louis, or while the car was in transit and the goods delivered to the consignee, nor was there any evidence tending to show that the cases became wet while in the hands of the carrier, although when they arrived at destination they appeared as if they had lain in water.

The trial court handed down a memorandum in connection with his finding in the case, which, while not in the bill of exceptions, is brought before us by appellants.

The case is before us on a general finding—or verdict—by the court; as one coming before us and presented upon a general verdict.

The sole question in the case is one of fact; that is, whether the merchandise was damaged before it came into the hands of defendant. The court, in his written memorandum, sets out his reason for finding that the goods were not damaged while in the custody of defendant or in transit, and concludes that plaintiffs cannot recover. This finding for defendant on the facts is conclusive on us; the weight of the evi-

dence and the credibility of the witnesses giving it was for the sole determination of the trial court.

Counsel for appellants contend that this is not an action for negligence but one founded on the common law liability of defendant as a common carrier. We think it clear from the petition that plaintiffs founded their right of action on the common law liability of the carrier. But inasmuch as the learned trial court found that the damage to the shipment did not occur while the goods were in the charge of the carrier, it is here immaterial whether the case pleaded is on the common law liability or on the negligence of the carrier. The contention of learned counsel for appellants seems to be, either that this recital in the bill of lading constitutes an estoppel or that the dray ticket and the bill of lading made a prima facie case that the merchandise was in good order when received by respondent, and that this prima facie case had not been overcome by any substantial testimony. It will be noted that the receipt on the dray ticket does state that the articles were received in good order, but that same receipt further sets out the articles were in cases. By the stipulation of facts it was also agreed that the bill of lading was later issued for the merchandise by defendant in exchange for the dray ticket. It is distinctly set out in this bill of lading that the contents and value of the merchandise in the cases were unknown, and that the shipment was "in apparent good order."

It is stated by an accepted writer on the law of carriers, treating of recitals in bills of lading, that, "It has likewise been determined that the usual recital in such instruments that the goods are in good order has reference only to the external appearance, either of the goods themselves or of the packages into which they are put. Hence, it is always competent for the carrier to show, notwithstanding such an ad-

mission, that the loss or damage was caused by the spoiling of the goods from natural decay before they could be delivered, or that they had wasted from defects in the vessels in which they were contained, or that it arose from the unskillful or improper manner in which they were packed, or that they had deteriorated or were damaged at the time they were delivered to him. He is not presumed to know the quality of the goods, nor can he refuse to carry them, whatever it may be, if they are fit to carry and are of the kind he usually carries; nor can he, ordinarily, know the condition of the contents of the packages or vessels brought to him for transportation. It cannot be supposed, therefore, that he intends by such a recital to admit more than that the goods are in an apparently fit condition for shipment.'' [1 Hutchinson on Carriers (3 Ed.), Sec. 163.] Many authorities are cited in support of this proposition and while the author cites no Missouri cases, and we are referred to none on the proposition, this rule seems to be so reasonable that we have no hesitation in accepting it as a proper rule to be applied in cases of this character, and to hold that this recital in the bill of lading, or even in the dray ticket, does not amount to an estoppel against defendant as to the condition of the cases. Whether, therefore, as contended by the learned counsel for plaintiffs, the bill of lading made out a prima facie case and the burthen was on defendant to prove that the damage had occurred prior to the receipt by it of the cases of merchandise, the court found that this prima facie case had been overcome and that the damage had occurred to the goods before delivery of the cases to defendant. Reading the testimony in the case we hold that there is substantial evidence warranting the court in arriving at this conclusion. It was for that court, not the appellate court, to pass on the weight and sufficiency of the evidence, and if it finds, as here it did, that the evidence before him es-

tablishes the fact found, we cannot disturb that finding. In this view of the case, it is unnecessary to consider other propositions advanced by learned counsel for the appellant.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.