FRANK L. CONNELLY, Respondent, v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals.   Argued and Submitted April 6, 1914.
Opinion Filed May 5, 1914.

1. APPELLATE PRACTICE: Conclusiveness of Verdict. A verdict rendered on conflicting evidence will not be disturbed, on appeal, even though the appellate court may be of the opinion that the weight of the testimony is in favor of the losing party.

2. COMMON CARRIERS: Damage to Shipment: Sufficiency of Evidence. In an action against a railroad company for injury to goods shipped, evidence *held* to sustain a finding that the goods were damaged while in the possession of defendant and before it turned them over to a connecting carrier.

Connelly v. Railroad.

3. ———: ———: **Evidence: Opinion Evidence.** In an action against a railroad company for damages to furniture shipped, opinion evidence by experienced railroad men, that the furniture could have been braced so as to have prevented it from being broken, was properly admitted.

4. **APPELLATE PRACTICE: Review of Argument of Counsel: Prerequisites.** An assignment of error predicated on the argument of counsel will not be considered, on appeal, in the absence of an exception to a ruling of the trial court thereon, or to its refusal to rule.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur,* Judge.

AFFIRMED.

*Watts, Gentry & Lee* for appellant; *John G. Drennan* of counsel.

(1) The court erred in overruling the defendant's demurrer to the evidence. Flynn v. Railroad, 43 Mo. App. 424; Crouch v. Railroad, 42 Mo. App. 248; Hurst v. Railroad, 117 Mo. App. 25; Connelly v. Railroad, 133 Mo. App. 310. (2) The court erred in permitting the witness, Cunningham, to testify in the plaintiff's behalf that the shipment in question was not properly loaded in the car. Heberling v. Warrensburg, 133 Mo. App. 544; Gallagher v. Tipton, 133 Mo. App. 557; Miller v. Canton, 112 Mo. App. 322; Eubank v. Edina, 88 Mo. App. 650; Masterson v. Transit Co., 204 Mo. 507; Walton v. Railroad, 40 Mo. App. 544; Smith v. Kansas City, 125 Mo. App. 501; Rodgers v. Rundell, 128 Mo. App. 10; Real Estate Co. v. French, 160 Mo. App. 678; Madden v. Railroad, 50 Mo. App. 666; Dammermann v. City of St. Louis, 152 Mo. 186; Muff v. Railroad, 22 Mo. App. 584; Winters v. Railroad, 39 Mo. 468, 476; Lyke v. Railroad, 236 Pa. 38; Railroad v. Rippetoe, 64 S. W. 1016; Express Company v. Kinnare, 168 Ill. 643; Phoenix Ins. Co. v. Mills, 89 Ill. App. 58; Moseley v. Wilkinson, 14 Ala. 812; Butler v.

Iron Co. et al., 22 Conn. 335; Railroad v. Suffolk Lumber Co., 92 Va. 413; Scaggs v. Railroad, 10 Md. 268; Hathaway v. Brown, 22 Minn. 214; Cosgrove v. Metropolitan Street Ry. Co., 74 N. Y. App. Div. 166 (Affirmed in 173 N. Y. 628); Gibson v. Hatchett, 24 Ala. 201; Kendrick v. Railroad Co., 89 Ga. 782; Telegraph and Telephone Co. v. Dooley, 72 S. W. 457; Railroad v. Colvert, 31 S. W. 332; Von Diest v. San Antonio Traction Co., 77 S. W. 632; Hillje v. Hettich, 67 S. W. 90; Otis v. Thom, 23 Ala. 469; Tall. v. Baltimore Steam Packet Co., 47 L. R. A. 120; Bruce v. Beall, 41 S. W. 445. (3) A new trial should be awarded the losing party when counsel for the victorious party goes outside the record to state facts against the interest of the losing party. Haynes v. Town of Trenton, 108 Mo. 123; Williams v. Railroad, 123 Mo. 573; Brown v. Railroad, 66 Mo. 588; Robertson v. Railroad, 152 Mo. 382; Barr v. Railroad, 138 Mo. App. 471.

*H. A. Loevy* for respondent.

(1) The demurrer to the evidence was properly overruled. Connelly v. Railroad, 133 Mo. App. 316. Appellant being a common carrier, and having received the goods "*in apparent good condition*" bill of lading and receipt, the *onus* is on it to relieve itself from responsibility, not on respondent to first show it actually did the damage. Hance v. Express Co., 48 Mo. App. 182, 183; Davis v. Railroad, 89 Mo. 340; Buddy v. Railroad, 20 Mo. App. 206; Cash v. Railroad, 81 Mo. App. 113; Witting v. Railroad, 101 Mo. 600; Creamery Co. v. Railroad, 128 Mo. App. 425. (2) The testimony of experts as to probable cause of damaged condition was proper. Mamberg v. Railroad, 62 Mo. App. 563; Benjamin v. Railroad, 50 Mo. App. 602; Monahan v. Coal Co., 58 Mo. App. 68; Czezewski v. Railroad, 121 Mo. 201; Wemer v. O'Brien, 40 Mo. App. 483; Robinson v. Railroad, 103 Mo. App. 110; Wood v. Railroad, 181 Mo. 433; Fischer v. Heitzeberg, 77 Mo. App. 108; Wolff

v. Frankenthal, 96 Mo. App. 314; Kern v. Ins. Co., 40
Mo. 19; White v. Ins. Co., 97 Mo. App. 509; Seckinger
v. Mfg. Co., 129 Mo. 590; Marshall v. McKelvy, 55 Mo.
App. 240; Redmon v. Railroad, 185 Mo. 14; Frank-
lin v. Railroad, 188 Mo. 533. (3) The remarks by
counsel for respondent were not prejudicial. They
were at most slight mistakes in the heat of argument
as to facts actually in evidence. But the court cannot
consider this point, because there are no "objections"
to these alleged objectionable statements, only "excep-
tions." State v. Wana, 245 Mo. 558; State v. Jeffries,
210 Mo. 302; Burns v. United Rys., 158 S. W. R. 395,
397.

REYNOLDS, P. J.—This is the fourth appearance
of this case in our court on appeal. Its history and
the various incidents connected with it will be found
reported, first, under the caption Connelly, Respond-
ent, v. Illinois Central Railroad Co., Appellant; South-
ern Railway Company and Mobile & Ohio Railroad
Company, Defendants, 120 Mo. App. 652, 97 S. W. 616,
the judgment then rendered against the Illinois Central
Railroad Company being reversed and the cause re-
manded. Its second appearance is under the title Con-
nelly, Appellant, v. Illinois Central Railroad Company,
Respondent, 133 Mo. App. 310, 113 S. W. 233. The
plaintiff having appealed from a judgment against it
and in favor of the railroad company, that judgment
was reversed and the cause again remanded. Its third
appearance is under the title of Connelly, Respondent,
v. Illinois Central Railroad Company et al., Defend-
ants, Southern Railway Company, Appellant, and it
will be found in 169 Mo. App. 272, 153 S. W. 79, com-
ing before us on an appeal by the Southern Railway
Company from a judgment against it and in favor of
the plaintiff. That judgment was reversed and the
cause again remanded. On its return to the circuit
court it was tried against the Illinois Central Rail-

road Company alone and resulted in a verdict against it, judgment being entered up in favor of the other two defendants, who had before then been discharged from the case. It is from this last judgment against it that the Illinois Central Railroad Company has brought the present appeal.

The case in its several trials proceeded upon the theory that .each of the carriers was liable only for loss occurring on its own line and while the goods were in the possession of that line, and was founded on the liability of each as carriers at common law. [See Connelly v. Illinois Central Railroad Company, 133 Mo. App. 310, 1. c. 313.] In the case now before us the other two companies having disappeared from the case, right of recovery is sought against the Illinois Central alone. That right must turn upon the question as to whether the damage to the goods, and as to the fact of damage there is no controversy whetever, occurred while the goods were in charge of the Illinois Central Railroad Company, in transit over its line from Jackson to Winona, Mississippi, or before delivery by it to the Southern Railway Company, the intermediate carrier between the Illinois Central, the initial carrier, and the Mobile & Ohio Railroad Company, the final carrier, at Winona.

The law applicable to the case is so clearly stated in 133 Mo. App., supra, that we do not consider it necessary to enlarge on it to any extent. Referring to the opinion in that case (1. c. 316), we there said: "To our minds the weight of evidence shows the damage was done after the furniture was received by the Southern Company and while in its custody, as the jury found." Following this, however, we said (1. c. 316): "But the witnesses who testified to those facts were introduced by respondent [appellant here] and appellant [respondent here] was not bound by their testimony. Neither was the jury bound to believe them if their manner on the stand discredited them, or if

Connelly v. Railroad.

the evidence as a whole would support another inference.''

At the trial of the case at bar the testimony was practically as set out in 133 Mo. App., supra, and we refer to that for the facts. At the present trial plaintiff introduced further evidence tending to show that while the car was in the possession of this defendant, it had been opened and entered by a couple of the employees of defendant, for the purpose of removing from the car certain articles which had been loaded in that car by mistake, and that to do this they had pulled down part of the furniture and goods of plaintiff, under and among which these articles had been loaded. The testimony did not show how this had been done, or that the goods of plaintiff had been properly replaced after being disturbed. There was also evidence to the effect that no rails or braces or bars of any kind had been in place to hold the goods of plaintiff, and there was opinion evidence that the presence of bars or braces would have prevented the shifting of the load, which occupied but one-half of the car. In the presence of this evidence we cannot hold, as a matter of law, that the court should have instructed the jury that plaintiff could not recover against this defendant. Even if we may think that the weight of the testimony is in favor of appellant, that was for the determination of the trial court and we are concluded by his finding as to that. So we hold that there was no error in refusing demurrers to the evidence, or in giving the instructions asked by plaintiff, which proceed on the theory that there was evidence, which, if believed by the jury, entitled plaintiff to recover. We hold that there was evidence in the case from which the jury was warranted in inferring that the damage to the goods had occurred while they were in the possession and under the control of the appellant company. This is the only criticism aimed at those instructions.

It is strenuously argued that the court erred in admitting what is called "opinion evidence," that is the testimony above referred to of two or more witnesses, to the effect that means could have been taken to have braced this furniture in the car and that if that had been done it could not have been in the position in which it was found, scattered over the floor, broken and damaged. It is true that this was opinion evidence, but it was given by experienced railroad men, the result of their own observation, and we see no error in permitting it to go to the jury for what it was worth. Our court commented on this same line of testimony in Connelly v. Illinois Central Railroad Co., 133 Mo. App., supra, l. c. 317, as some evidence from which the jury might determine whether the furniture had been so loaded as to bear transportation.

Error is assigned to the remarks of counsel for respondent in his closing address to the jury. It is true that that counsel was interrupted by counsel for appellant and his statements challenged, but we find no mention in the record of any rulings of the court, or of any exceptions saved, either to the action or nonaction of the court.

Upon consideration of the case we find no reversible error in the record or proceedings. The verdict was for $500 and there is no claim that it is excessive. In point of fact it is very much within the testimony as to the amount of damage sustained by plaintiff in the loss of his goods. We see no legal ground upon which we can reverse or disturb the judgment in this case. That judgment is affirmed. *Nortoni* and *Allen*, *JJ.*, concur.