This is an action begun before a justice of the peace against the railroad company to recover damages, alleged to have been sustained by respondent, on a shipment of a carload of tomatoes from Diana, Florida, to St. Louis, Missouri.
In the justice court judgment was rendered in favor of the plaintiff. Defendant appealed to the circuit court and on trial before a jury plaintiff had a verdict and judgment and defendant prosecutes the appeal.
The statement filed before the justice is as follows:
"To damages suffered as the result of defendant's negligence in shipping a carload of tomatoes from Diana, Florida, to St. Louis, Missouri, in the amount of one hundred twenty-nine dollars ninety-one cents ($129. *Page 289 
91). Wherefore, plaintiff prays judgment for one hundred twenty-nine dollars ninety-one cents ($129.91), together with costs."
No answer or other pleading was filed by defendant.
The shipment, consisting of four hundred and eighty crates, was received by the Florida East Coast Railway Company at Diana Florida, from J.M. Holding and consigned to L. II. Krallman, St. Louis, Missouri. The tomatoes were transported in car No. ACL 39168, over the line of the initial carrier and then via Central of Georgia Railway, Nashville, Chattanooga St. Louis Railroad, and Illinois Central Railroad.
Upon prsentation of the bill of lading and payment of the freight bill the carload of tomatoes was delivered to the plaintiff, consignee, by the defendant. It was found upon opening the car that a number of crates containing tomatoes were broken and the tomatoes in those crates were mashed. Plaintiff testified to the cost of repacking the tomatoes and the amount of damages sustained by him because of the broken condition of the crates.
Appellant urges here, that plaintiff did not choose to rely upon the common-law liability of the carrier as an insurer, but that the statement filed pleads negligence on the part of the carrier, and therefore plaintiff must be held to prove negligence, which he failed to do.
We do not believe that the statement filed in the justice court precludes the plaintiff from recovering upon the common-law liability of the carrier as an insurer. It is true if the pleader charges a specified act of negligence, then the law devolves upon him the duty of proving the charge as laid. But technical rules of pleading are wholly inapplicable in a justice court. The statement does not plead a specified act of negligence; the words "as the result of defendant's negligence" merely state a conclusion of the pleader. We rule this point against appellant.
Appellant complains of the action of the court in admitting in evidence over its objection the bill of lading, *Page 290 
executed by the Florida East Coast Railway for the car of tomatoes shipped to plaintiff, upon the ground that its execution had not been proved.
We think sufficient proof of its execution was made by circumstantial evidence. It was proven at the trial that plaintiff received the bill of lading from the shipper in due course of business. The bill of lading, together with a draft attached, was sent to a bank to be delivered to the plaintiff upon payment of the draft. The plaintiff paid the draft and obtained the bill of lading. The defendant acknowledged its genuineness by delivering the car to plaintiff without objection, upon presentation of the bill of lading and payment of the freight bill. We hold that the ruling of the court was proper.
Appellant next urges that the judgment of the court cannot stand because the plaintiff failed to prove that the shipment was in good condition when delivered to the initial carrier.
"Although the burden is on defendant to show that the loss arose through one of the causes for which a shipper is exempt as an insurer, yet the plaintiff has the prior burden of showing that it delivered the goods to the defendant in good condition properly prepared for shipment. While the burden is on defendant to establish non-liability as an insurer, yet that burden does not arise until after the shipper has, by proof, established the facts necessary to create that burden;" [Cudahy Packing Co. v. A.T. S.F. Ry. Co., 193 Mo. App. 581, 187 S.W. 149; Yontz v. Railroad, 174 Mo. App. 483, 160 S.W. 832; 10 Corpus Juris, sec. 571.]
The burden was on the plaintiff to show that the tomatoes, when delivered to the initial carrier, were in good condition, in order that the presumption of injury in the hands of defendant, the terminal carrrier, should attach upon proof of delivery in damaged condition. [Flynn v. The St. Louis S.F. Ry. Co.,43 Mo. App. 438; Dean v. Railroad, 148 Mo. App. 428, 128 S.W. 10; *Page 291 
Bockserman v. Railroad, 169 Mo. App. 171, 152 S.W. 389; Connelly v. Railroad, 133 Mo. App. 313, 113 S.W. 233.]
The bill of lading receipted for the tomatoes "in apparent good order (contents, inward condition and value unknown)" . . . This recital was an acknowledgment of the good order of the external apparent condition of the goods and prima-facie evidence against the carrier who issued it. [10 Corpus Juris, sec. 264; Clark v. Barnwell, 53 U.S. l.c. 283; Hutchinson on Carriers, 163; Mitchel on Carriers, 345; Bettman v. Mobile O.R. Co., 151 S.W. 169; Conney v. American Express Co., 222 Mass. 348.] The defendant was not a party to the bill of lading. There was no proof made that the relation of partnership existed between it and the Florida East Coast Railway. The recitals in the bills of lading, as to the condition of the tomatoes, were not binding upon the defendant. Having accepted the shipment for transportation from Martin, Tennessee, to St. Louis, Missouri, under said bill of lading, defendant was bound by it only so far as it was a contract for carriage; the statement of the condition of the tomatoes in the bill of lading constitutes no part of the contract. [International Great Northern Railway Co. v. Diamond Rollers Mills, 82 S.W. 660; Texas P.R. Co. v. Kelly, 74 S.W. 343; Meches on Carriers, 590.]
Independent of the recitals contained in the bill of lading there was no evidence introduced as to the condition of the tomatoes when delivered to the initial carrier. Absent this proof the judgment entered herein cannot stand. The commissioner recommends that the judgment be reversed and the cause remanded.