I. C. BOCKSERMAN, Respondent, v. ST. LOUIS & HANNIBAL RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, December 14, 1912.

1. COMMON CARRIERS: Injury to Shipment: Action Founded on Negligence: Necessity of Proving Negligence. In an action against an initial carrier for damages to a shipment of goods carried by it and a connecting carrier alleged to have been caused by the negligence of the initial carrier, a recovery cannot be had unless such negligence is proved, since, in the absence of proof to the contrary, it is presumed that the initial carrier discharged its full duty and that the damage occurred while the goods were in the custody of the final carrier.

2. ———: ———: ———: Burden of Proof. Where a cause of action against a carrier for damage to, or loss of, freight is founded on the negligence of the carrier, it devolves upon the plaintiff to prove the negligence alleged, and the burden of proof is on him from the beginning to the end of the case.

3. ———: ———: ———: Liability of Initial Carrier Under Statute. Under Sec. 5446, R. S. 1909, a shipper may enforce liability against the initial carrier for the negligence of the connecting carrier.

4. ———: ———: Common Law Liability of Initial Carrier. Where a shipment is a through one and the contract of ship- ment so stipulates, the shipper may enforce the common law liability of an insurer, against the initial carrier alone, for loss of or damage to the shipment; for, under such circum- stances, the connecting carrier is regarded as agent of the initial carrier in consummating its contract for through trans- portation.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

REVERSED AND REMANDED.

*J. D. Hostetter, Barclay, Fauntleroy, Cullen & Orthwein* and *Wm. R. Gilbert* for appellant.

No case was made against appellant. The petition counts on theft or loss through negligence and the evi-

dence does not show any. Mere receipt in good order and delivery in bad order is no proof of negligence. Haase Co. v. Transp. Co., 143 Mo. App. 57; Hurst v. Railroad, 117 Mo. App. 25; Hadley v. Orchard, 77 Mo. App. 141; Farr v. Adams Exp. Co., 100 Mo. App. 574; Ecton v. Railroad, 125 Mo. App. 223; McCrary v. Railroad, 109 Mo. App. 567; Haase Co. v. Transp. Co., 143 Mo. App. 42; Standard Co. v. Railroad, 122 Mo. 258. Where goods are shown to have been received in a damaged condition from the terminal carrier, in the absence of a further showing, the presumption is that the damage occurred on its line. Dean v. Railroad, 148 Mo. App. 446; Flynn v. Railroad, 43 Mo. App. 439. And without evidence that it was on its line the first carrier cannot be charged with the damage. Crouch v. Railroad, 42 Mo. App. 248.

*Bernard Greensfelder* and *Frederick W. Neeper* for respondent.

(1.) In considering plaintiff's evidence with a view of ascertaining whether or not he made out a prima facie case entitling him to go to the jury, the testimony offered in his behalf should be taken as true and every reasonable inference therefrom in favor of plaintiff should be drawn. Baxter v. Transit Co., 103 Mo. App. 597; Ferguson v. Railroad, 123 Mo. App. 590. (2) The appellate court must assume the facts to be as the trial court found them. There were no instructions requested or given, except that in the nature of a demurrer requested by the defendant and refused by the court. Meyer Bros. v. Insurance Co., 73 Mo. App. 166. (3) No declarations of law having been asked or given by the court of its own motion, the judgment will be presumed to be predicated upon that theory of the case which authorizes it. Bank v. Barbee, 198 Mo. 465. (4) Assuming that defendant's contention is correct with reference to alleging negli-

gence and failing to prove same, the following might be considered as surplusage: "Through the negligence, carelessness and neglect of defendant's agents, servants and employees." It has been a rule of long practice, and frequently asserted in the appellate courts, based upon the plainest principle of propriety and fairness, that a party will not be driven out of court merely from the fact that he or she has alleged more than has been proven, when the unproven allegations are shown to be unnecessary averments to authorize a recovery; nor will plaintiff's action be denied merely because the testimony offered does not support certain averments in his petition when it does support other averments which are sufficient to authorize a recovery. Gannon v. Gas Co., 145 Mo. 502; Knox Co. v. Goggin, 105 Mo. 182; Walker v. Evans, 98 Mo. App. 301; Koopman v. Cahoon, 47 Mo. App. 357; Walker Bros. v. Railroad, 68 Mo. App. 465; Gann v. Railroad, 72 Mo. App. 34. (5) The law imposes upon the common carrier the obligation of safety as to goods whilst in his possession, and unless relieved from liability by the act of God, or the public enemy, he is responsible in damages although there may be no actual negligence on his part. Whenever the loss occurs, from other causes, the law raises a presumption against him, upon grounds of public policy. If, therefore, plaintiff shows delivery of his goods to the carrier, and a subsequent loss thereof, he need do no more. This is a sufficient statement of his cause of action, and a showing, to that effect, is sufficient to make out a prima facie case of negligence. Davis v. Railroad, 89 Mo. 340; Witting v. Railroad, 101 Mo. 632; Davis v. Railroad, 126 Mo. 69; Cash v. Railroad, 81 Mo. App. 109; Powder Mfg. Co. v. Railroad, 101 Mo. App. 442; Hubbard v. Railroad, 112 Mo. App. 459; Alexander v. McNally, 112 Mo. App. 563; Lord & Bushnell Co. v. Railroad, 155 Mo. App. 175.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the alleged negligence of defendant in transporting a shipment of goods from Hannibal to Washington, Missouri. On a trial before the court without a jury, plaintiff had judgment, and defendant prosecutes the appeal.

Originally, the Wabash Railroad Company, and the Missouri Pacific Railway Company, which completed the transportation, were made defendants, but the suit was dismissed as to the two latter carriers before the trial was had, and proceeded to judgment against defendant, the initial carrier, alone.

The evidence tends to prove that plaintiff owned a store in Hannibal and, desiring to remove his goods to Washington, Missouri, packed and loaded them in a car of defendant at Hannibal. After so doing, defendant issued a bill of lading to plaintiff and assumed the obligation of transporting the goods over its own line and delivering to the connecting carrier for Washington. There were, in all, thirty-two boxes of goods. Upon the car reaching its destination at Washington, Missouri, several of the boxes were found to have been broken open and the goods removed therefrom. It is said the total value of the goods lost was $705.54. Plaintiff prosecutes the suit for the value of the goods so lost.

The petition, after enumerating the articles of merchandise, avers, "The items of merchandise above mentioned were . . . lost . . . through the negligence, carelessness and neglect of defendants' agents, servants and employees." There is no suggestion in the petition that defendant is pursued on its common law liability of an insurer, but a recovery is sought solely on the ground of negligence. There were no instructions given at the trial, and none requested, save one of a peremptory character by defendant, which sought the direction of a verdict for it, and this instruction was refused.

Bockserman v. Railroad.

While there is an abundance of evidence in the record tending to prove the loss of the goods somewhere in transit, there is nothing to suggest negligence on the part of defendant or on the part of its servants. Because of this it is argued the judgment should be reversed, for it is said, if one charges negligence, then the law devolves upon him the duty of proving the charge as laid. Under the rule of decision which obtains in this State, the argument is valid and must prevail, for unless there is some proof of negligence on the part of defendant, initial carrier, the presumption goes to the effect that it discharged its full duty in the premises and the loss occurred while the goods were in the custody of the last, or final, carrier—in this case, the Missouri Pacific Railway Company. The rule obtains that when goods are received by an initial carrier in good condition and are shown to have been delivered by it to a connecting carrier and thereafter found to be damaged or lost, the presumption is that such damage or loss occurred while they were in the possession of the last carrier, and in the absence of evidence affixing the loss or damage because of the fault of the initial carrier, no recovery may be had against it therefor. [See Flynn v. St. Louis and S. F. R. Co., 43 Mo. App. 424, 439; Crouch v. The Louisville etc. Ry. Co., 42 Mo. App. 248; Dean v. Toledo, St. L., etc. R. Co., 148 Mo. App. 428, 128 S. W. 10.]

With the case in this aspect, it devolves upon plaintiff to show negligence, for he grounds his cause of action on that score alone in the petition. Under the more recent decisions of our Supreme Court it is said that it must be taken as the established law of this State that, when the cause of action against the carrier stands on the ground of negligence on the part of the carrier, the burden of proof is upon the plaintiff to make good the charge laid. In other words, that the party who founds his cause of action on the negligence of the carrier with respect to the transportation of

freight must be prepared to establish the assertion by proof, and the burden of proof is on him from the beginning to the end of the case. [See Witting v. St. Louis, etc. Ry. Co., 101 Mo. 631, 640, 14 S. W. 743. See, also, Haase Fish Co. v. Merchants' Despatch Transp. Co., 143 Mo. App. 42, 58, 122 S. W. 362; Hurst v. St. Louis, etc. R. Co., 117 Mo. App. 25, 36, 37, 94 S. W. 794.] In a more recent case in the Supreme Court it is said, "In a case where a bailee has neglected to deliver property to the bailor on demand, and no allegation is made by the plaintiff, in an action for a conversion of the property that it has been lost or destroyed by reason of the negligence of defendant, the burden of proof rests on the defendant to account for the property. [Goodfellow's Ex'rs v. Meegan, 32 Mo. 280; Wiser v. Chesley, 53 Mo. 547.] But if the plaintiff alleges, in his petition, what has become of the property, and avers that it was lost or destroyed through negligence or carelessness on the part of the bailee, the burden of proof rests upon him." [See Stanard Milling Co. v. White Line, etc. Transit Co., 122 Mo. 258, 275, 276, 26 S. W. 704.] Further on in the same case and on the same page, it is said, "The party who founds his cause of action upon negligence must be prepared to establish the assertion by proof."

There can be no doubt that under our statute plaintiff could enforce liability against the initial carrier for the negligent fault of either of the connecting carriers, the Wabash Railroad Company or the Missouri Pacific Railway Co., as has been frequently determined. [See Blackmer & Post Pipe Co. v. Mobile & O. R. Co., 137 Mo. App. 479, 506, 119 S. W. 13.] It is true, too, that plaintiff may enforce the common law liability of an insurer against the initial carrier alone for his loss, provided the shipment was a through one and the contract of shipment so stipulates, for, in such circumstances, the connecting carriers are regarded as the agents of the initial carrier in consum-

mating or in fulfilling its contract for a through transportation. [See Lord & Bushnell Co. v. Texas, etc. R. Co., 155 Mo. App. 175, 134 S. W. 111.] But no such questions are presented here. It is not sought to hold the initial carrier under the statute for the negligent conduct of the connecting carriers, and, if it was, the case is devoid of proof of negligence on the part of either. On the other hand, the common law obligation of the initial carrier under a contract of through shipment is not declared upon in the petition, for it avers a loss through defendant's negligence and carelessness. This being true, the judgment may not be sustained, for there is no suggestion of negligence in the record. The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.