## F. C. Pennington for use of I. V. Edgerton, Defendant in Error, v. Grand Trunk Western Railway Company, Plaintiff in Error.

### Gen. No. 22,061.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1916. Reversed. Opinion filed May 29, 1916.

### Statement of the Case.

Action by F. C. Pennington, for use of I. V. Edgerton, plaintiff, against Grand Trunk Western Railway Company, defendant, to recover for damages to interstate shipment. To reverse a judgment for plaintiff, defendant prosecutes a writ of error.

The shipment originated at Mount Pleasant, Michigan. There it was received by the Ann Arbor railroad, which issued its through bill of lading to destination. The Ann Arbor railroad hauled it to Imlay City, Michigan, there connecting with defendant's road, which hauled it to Black Rock, New York, and there turned it over to the Delaware, Lackawanna & Western Railway, which transported it to destination, New

York City. Plaintiff says that defendant, through its agent at Imlay City, orally agreed to haul the car from that point on a certain train, No. 90, leaving early in the morning, but it failed to do so and hauled it on a later train, thus causing it to arrive at destination too late for a market, with ensuing loss.

Defendant requested the court to hold as a proposition of law that:

"Under the Carmack Amendment to the Interstate Commerce Act the remedy of a shipper for loss or damage to property delivered to an initial carrier, which issues its through bill of lading to the shipper for interstate transportation over several lines and which property is delayed while in the hands of a connecting carrier, is against the initial carrier alone and not against the connecting carrier."

The court marked this "Refused."

KRETZINGER & KRETZINGER and L. L. SMITH, for plaintiff in error.

WALTER H. ECKERT, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 188*—*when initial carrier alone liable for damage to or loss of interstate shipment due to delay while in hands of connecting carrier.* Under the Carmack Amendment to the Interstate Commerce Act the remedy of a shipper for loss or damage to property delivered to an initial carrier, which issues its through bill of lading to the shipper for interstate transportation over several lines and which property is delayed while in the hands of a connecting carrier, is against the initial carrier alone and not against the connecting carrier.

2. CONFLICT OF LAWS, § 21*—*when Federal decisions govern as liability of carrier for loss of or damage to interstate shipment.* As

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to interstate carrier's liability for loss or damage to interstate shipment decisions from State courts do not avail as the Carmack Amendment supersedes all regulations and policies of the different States.

3. CARRIERS, § 198*—*when affidavit of defense by connecting carrier sufficiently alleges sole liability of initial carrier.* In an action against a connecting interstate carrier for damage to shipment shipped under a through bill of lading, an affidavit of defense averring that the damages, "if any, are not chargeable in any way to the defendant," is sufficient to raise the point that the Carmack Amendment has superseded all regulations and policies of the different States in regard to interstate carrier's liability, and such action must be brought against the initial carrier.