## J. F. LETNER v. MISSOURI PACIFIC RAILROAD COMPANY.

Springfield Court of Appeals, January 29, 1923.

1. **CARRIERS:** Carmack Amendment Construed. The Carmack Amendment to the Interstate Commerce Act (U. S. Comp. St., secs. 8604a,

8604aa) does not confine a shipper's remedy for the loss or destruction of a shipment of goods to the initial carrier.

2. ———: Terminal Carrier Presumed Negligent Under Facts in Case. Notwithstanding the Carmack Amendment to the Interstate Commerce Act (U. S. Comp. St., secs. 8604a, 8604aa), the rule still prevails that, where goods are delivered in good condition to the initial carrier, and are found damaged when delivered by the terminal carrier, and it is not shown which carrier was negligent, the presumption is that it was the terminal carrier.

Appeal from the Circuit Court of New Madrid County.— *Hon. Sterling M. McCarty,* Judge.

AFFIRMED.

*James F. Green* and *W. C. Russell* for appellant.

*Geo. H. Traylor* for respondent.

FARRINGTON, J.—The uncontradicted evidence shows that the St. Louis-San Francisco Railroad issued a bill of lading to plaintiff on a shipment from a point in Missouri on its line to a point in Arkansas on defendant's line. That the goods were in good condition when delivered to the initial carrier, and that when the car was in defendant's charge at the terminus of the shipment it showed that it had been in a wreck somewhere along the line or lines of shipment and his goods were totally lost to him. Judgment was rendered for plaintiff for the value of his property and appellant brings the case here on appeal alleging several assignments of error, all of which are covered by the complaint that the trial court should have sustained a demurrer to the evidence.

First, appellant contends that since the passage of the Carmack Amendment to the Interstate Commerce Act the only carrier that can be sued on an interstate

shipment, where there are several, is the initial carrier, and that such act abolished the cause of action against the last or delivering carrier, citing in support thereof Southern Railway Company v. Savage, 89 S. E. 634; Southern Railway Company v. Bennett, 86 S. E. 418; Pennington v. Grand Trunk Railway Company, 199 Ill. App. 479. These authorities, of course, are not binding on this court and we refuse to follow them.

We have no doubt that the case of Adams Express Company v. Croninger, 226 U. S. 491, 57 Law Ed. 314, clearly holds that such act of Congress has not confined a shipper's remedy to the initial carrier. Missouri cases sustain us in this view. [See Collier v. Railroad Company, 190 S. W. 971; Conley v. C., B. & Q. Railroad Co., 192 Mo. App. 534, 183 S. W. 1111; Keithley v. Lusk, 190 Mo. App. 458, 177 S. W. 756.] This point is ruled against appellant.

It is next insisted that respondent failed to make sufficient proof to support the judgment. That is to say, it is contended that since the Carmack Amendment holds the initial carrier for damages growing out of negligent handling by a connecting carrier, there can be no recovery against the connecting carrier without there is some evidence that the damage occurred on its line, and that the presumption formerly prevailing, which was that when it is shown that the goods were delivered to the initial carrier in good condition and were shown to be in charge of the terminal carrier in damaged condition, the presumption is that it was the fault of the terminal carrier. There was no evidence in the case to show when the goods were damaged.

Appellant cites Henderson v. Railway Company, 85 Southern 525, and Roberts' Federal Liabilities of Carriers, section 3446, page 601, which apparently sustains the contention made. We think this is an erroneous construction to put on the Carmack Amendment, because as we view it the remedy given therein against the initial carrier was not based on any presumption or intended

to establish any presumption that the loss, in the absence of evidence, occurred on the initial carrier's line. We understand that amendment as merely creating an additional right in the shipper who has suffered loss on an interstate shipment. That is, it created a new liability and right thereunder without denying or taking away any right which a shipper had under the federal laws.

The case of Railway Company v. Furniture Company, 237 U. S. 597, 59 Law Ed. 1137, does not sustain appellant's position. It is expressly stated in the opinion that the court there is dealing only with a penalty imposed by a State statute which was held to be nugatory under the Carmack Act. A long line of cases in Missouri have held that the presumption prevails against the terminal carrier, and since the act of Congress expressly provides that "nothing in this section shall deprive any holder of any receipt or bill of lading or any remedy or right of action which he has under existing law," we must rule this contention against appellant. [See Flynn v. Railway, 43 Mo. App. 424; Jones v. Railroad Company, 115 Mo. App. 232, 91 S. W. 158; Hurst v. Railway, 117 Mo. App. 25, 94 S. W. 794; Dean v. Railroad Company, 148 Mo. App. 428, 128 S. W. 10; Connelly v. Illinois Central Railroad, 133 Mo. App. 315, 113 S. W. 233; Bockersman v. St. Louis & Hannibal Ry., 169 Mo. App. 172, 152 S. W. 389; Keithley & Quinn v. Lusk, et al., 190 Mo. App. 467, 177 S. W. 756.] The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.