## CHICAGO B. & Q. R. CO. vs. TOLMAN

(No. 1128, April 8th, 1924; 224 Pac. 671.)

APPEAL AND ERROR—EXCEPTIONS—TRIAL—SPECIAL VERDICT—MOTION FOR JUDGMENT MUST BE EMBODIED IN BILL OF EXCEPTIONS—CARRIERS.

1.  Whether or not it was error of the trial court to strike from the record a certain interrogatory to the jury and their answer thereto, the appellate court could not determine or consider the 'alleged error, in the absence of a bill of exceptions.

2.  A special verdict must find all the facts essential to judgment and necessary to entitle the party having the burden of proof to recover, and cannot be aided by intendment or by extrinsic facts, and nothing must remain for the court to do but to draw conclusions of law or to make a mathematical calculation to ascertain the damages.

3.  The appellate court cannot take for granted the truth of allegations contained in a motion for judgment without the proof thereof.

4.  A motion for judgment, in order to make it a part of the record, should be embodied in the bill of exceptions, and in the absence of the latter the motion cannot be considered.

5.  In an 'action against a carrier for partial loss of shipment, failure of plaintiff to prove alleged negligence of defendant *held* not a variance, in view of rule that, in absence of contractual limitations of the carrier's common-law liability, it is not necessary in an action for loss of shipment to allege negligence.

ERROR to District Court, Big Horn County; PERCY W. METZ, Judge.

Action by Frank Tolman against the Chicago B. & Q. Ry. Co., for damages on account of alleged loss and delay in the transportation of sheep. There was judgment for plaintiff and defendant brings error.

*C. A. Zaring, Goddard & Clark* for plaintiff in error.

Plaintiff's action is based upon negligence of defendant company and it was material for the jury to determine the

issue of negligence; interrogatory number six was submitted to the jury without objection on the question of negligence; interrogatory number six had been answered by the jury in the negative; defendant in error then moved that said interrogatory and the answer thereto be stricken out; defendant in error had not objected to the interrogatory when given. Defective or improper interrogatories should be objected to at the time they are submitted, 23 Stand. Enc. Pro. 991; plaintiff in error at the close of the trial moved for a judgment in its favor, first for failure to prove negligence, and second, that inasmuch as defendant in error accompanied the shipment, it devolved upon him to prove that the alleged loss was due to negligence in caring and handling the shipment, Backserman v. Ry. Co., 169 Mo. App. 168; Robinson v. Bush, 200 S. W. 757; inasmuch as defendant in error based his action upon negligence, and the jury had found adversely on the issue of negligence, it was error to strike interrogatory number six, and the answer thereto, from the record; it appears from the motion filed by plaintiff in error that defendant in error accompanied the shipment, to care for the same; he therefore assumed the burden in an action for damages of proving that the loss or injury was the result of the carrier's negligence either in transporting the stock or in failing to properly care for it, 10 C. J. 381; Hanley v. C. M. & St. P. Ry. Co., 134 N. W. 417, 115 N. W. 919, 132 N. W. 57; 133 N. W. 748; Colsch v. Ry. Co., 127 N. W. 198, citing "Elliott on Railroads," which lays down the rule above quoted, Vol. 4 R. C. L., Par. 462, and cases cited in note. This he failed to do, and the jury having found that there was no negligence on the part of the Company the finding was binding upon the Court, and the overruling of the motion of plaintiff in error for judgment was reversable error; the judgment below should be reversed.

*Brome & Hyde* for defendant in error.

There being no bill of exceptions, there was no question presented for review; every presumption is in favor of the

correctness of the decision of the trial court, 2 R. C. L. 184;
it must be presumed in favor of the action of the trial court
that the proper motion was made by plaintiff for a directed
verdict in accordance with 5897 Comp. Stats., an exception
to a ruling on a motion for judgment on special findings
must be incorporated in the record by bill of exceptions and
not otherwise, 5867 Comp. Stats., Freeburgh v. Lamoureux,
12 Wyo. 41; allegations of negligence were unnecessary;
the petition would state a good cause of action if the aver-
ments of negligence were stricken out, and are fully cov-
ered by the special findings of the jury; carriers receiving
livestock for transportation assume the liabilities which at-
tach to the carriers of goods, except that they are not ac-
countable for loss resulting from the inherent nature of the
property and not due to its negligence; in every other re-
spect the carrier is an insurer of the property, 10 C. J. 43;
N. P. R. R. Co. v. Bank, 123 U. S. 727; plaintiff's allega-
tion of negligence did not change the burden of proof, Bell
v. Pleasant, 145 Cal. 410; in the absence of a bill of excep-
tions the contention of plaintiff in error that no negligence
was shown at the trial is wholly gratuitous; it was an in-
terstate shipment governed by Section 8604-A U. S. Comp.
Stats. 1918, which imputes to the carrier an absolute lia-
bility.

BLUME, Justice.

This action was commenced in the district court of Big
Horn County by Frank G. Tolman, the defendant in error,
against the Chicago, Burlington & Quincy Railroad Com-
pany, plaintiff in error here, and against Walker D. Hines,
Director General of Railroads. The case seems to have been
discontinued as to the latter defendant. The amended peti-
tion filed herein alleges that on the 15th day of September,
1917, plaintiff delivered to said Railroad Company, as a
common carrier, 2859 head of sheep to be delivered over its
road to Omaha, Nebraska; that said sheep were loaded and
it became the duty of said Railroad Company to promptly
and safely transport and deliver said sheep, but that said

Company failed to perform its duty, and carelessly and negligently handled and transported said sheep and delivered at Omaha 247 sheep less than had been delivered to it at Greybull, Wyoming; that said 247 sheep are of the value of $2470, for which, with interest, judgment is demanded. An answer was filed by said Company, denying the allegations contained in plaintiff's petition. The cause was tried before a jury on May 1, 1920, and a general verdict was returned in favor of the defendant in error. This verdict was subsequently set aside and the case was retried to a jury on February 28, 1921. No general verdict was returned at that trial, but special interrogatories were submitted to the jury and answered. In the answers to the first four interrogatories, the jury found the number of sheep that had been delivered to the defendant at Greybull, Wyoming, the number of sheep that arrived at their destination, and the value of the sheep that were found to be short. In answer to interrogatory No. 5, the jury stated that the sheep that were short were lost in transit by an unknown cause. Interrogatory No. 6 is as follows:

"If, in your previous interrogatories, you have answered that any of the plaintiff's sheep were lost in transit, you may state whether such loss was due to the careless and negligent handling and care of said sheep by the defendant company?"

The jury answered "No." On October 10, 1921, the court entered an order striking the 6th interrogatory above mentioned, together with the answer thereto, from the record, and entered judgment for the plaintiff for $3114.43, together with the costs. A motion for a new trial was filed in said cause and overruled on October 26, 1921, and said Railroad Company brings proceedings in error here.

1. Counsel for said railroad company assign as error here the action of the court in striking from the record interrogatory No. 6 above mentioned, and the answer thereto. No bill of exceptions is contained in the record and only

the journal entries, together with the original papers, have been brought to this court. We are accordingly entirely unable to tell whether or not there was any error in the above mentioned action of the court. The importance of the ruling lies in striking the answer. It may be that the evidence in the case conclusively shows that the answer given to the interrogatory is not sustained by any evidence or is contrary to all of the evidence in the case, and that hence the action of the court was just and right. In the absence of a bill of exceptions we cannot determine that point, and cannot, therefore, consider the foregoing assignment of error.

2.   The case is accordingly left with the record showing that the jury have answered the number of sheep delivered to the railroad company, the shortage at Omaha, the value of such shortage, and the fact that the sheep were lost in transit from a cause unknown. A special verdict must find all the facts essential to judgment and necessary to entitle the party having the burden of proof to recover, and cannot be aided by intendment or by extrinsic facts, and nothing must remain for the court to do but to draw conclusions of law or to make a mathematical calculation to ascertain the damages. 38 Cyc. 1919, 1920. The special verdict not showing, as the record stands at the present time, that the railroad company was negligent, it becomes important to determine whether or not such negligence should appear. It is not contended, however, that plaintiff must prove negligence in all cases where live stock is lost during transit. The contention made herein is that it was the duty of the plaintiff in error to show negligence on the part of the railroad company for two reasons only, and we shall, accordingly, confine our discussion, and this opinion to the grounds argued in the briefs. It is claimed by counsel for the railroad company, in the first place, that it was the duty of the plaintiff in error to show that the railroad company was negligent in transporting the sheep in question because a contract was entered into between plaintiff in error and said

railroad company, providing that the shipper should be in sole charge and care of the animals in transit and during the time that they were loaded and unloaded. The only place in which that provision of the contract, or any contract, appears, is in a motion for judgment filed in the district court on March 12, 1921, and attached to the original papers in the case. Aside from the fact that we could not take for granted the truth of the allegations contained in a motion without the proof thereof, it is well settled that the motion, in order to make it a part of the record in this case, should have been embodied in a bill of exceptions, and in the absence of the latter cannot, accordingly, be considered. Fitzpatrick v. Rogan, 28 Wyoming 231, 203 Pac. 245, where a full review of the cases on that subject was made.

Counsel for plaintiff in error further contend that it was incumbent upon the plaintiff to show negligence on the part of the railroad company because negligence was alleged, and having been alleged, must be proven. The allegations in the amended petition referred to are as follows:

"That on the said date plaintiff loaded said sheep, 2850 head, into cars provided at Greybull by the defendant railroad company for shipment to Omaha and delivery to said Clay, Robinson and Company as hereinbefore recited. That it was the duty of the defendant railroad company to promptly and safely transport said 2850 head of sheep from Greybull, Wyoming, to Omaha, Nebraska, and deliver the same to said Clay Robinson Company at Omaha. That said defendant railroad company did not perform its duty in the premises in that behalf, but to the contrary thereof carelessly and negligently handled and transported said sheep and by its carelessness and negligence lost Two Hundred Forty-seven head of sheep, while the same were in transit and only delivered at Omaha Twenty-six hundred and Three head of sheep, being Two Hundred Forty-seven sheep less than plaintiff delivered and said Railroad Company received at Greybull."

Counsel for plaintiff in error cite in support of their contention Bockersman v. Railway Co., 169 Mo. App. 168, 152 S. W. 389 and Robinson v. Buch, 199 Mo. App. 184, 200 S. W. 757. The rule appears to be in Missouri as contended. But it is technical at best, and is contrary to the accepted law in other jurisdictions. The rule is stated in 10 C. J. 310 as follows:

"In the absence of contractual limitations of the carrier's common-law liability it is not necessary, in an action for loss or injury to a shipment, to allege negligence. However, it is not unusual to insert in a declaration averments which affect only the rule of care and negligence which should govern the case; thus, declarations alleging defendants to be common carriers, and at the same time averring negligence on their part, in the transportation of the goods, are usual and well approved, both in actions of tort and in actions of contract; and in such cases failure to prove the allegations of negligence is no variance, and plaintiff may recover without such proof, provided the evidence shows a case under the general rule respecting the liability of carriers."

The rule thus stated is well supported by authority, and meets with our approval. Railway Co. v. Veatch, 162 Ky. 136; 172 S. W. 89; L. H. & St. L. v. S. S. H. & C. Co., 157 Ky. 772; 164 S. W. 90; Metfield School District v. Boston, etc., R. Co., 102 Mass. 552, 3 Am. Rep. 502; Sargent v. Birchard, 43 Vt. 570; Williams v. Baltimore etc. R. Co., 9 W. Va. 33; Richards v. London etc. R. Co., 7 C. B. 839, 62 E. C. L. 839, 137 Eng. Reprint 332.

It follows from what we have said that the judgment of the district court should be affirmed, and it is so ordered.

POTTER, Ch. J., and KIMBALL, J., concur.

NOTE—See 4 C. J. pp. 165, 180, 785 (1925 anno); 10 C. J. 360; 38 Cyc. 1919, 1920.