**Follis SAYRE, Appellant (Plaintiff below),**

**v.**

**James ALLEMAND, Appellee (Defendant below).**

**No. 3512.**

Supreme Court of Wyoming.

Oct. 21, 1966.

B. J. Baker, of Brown, Healy, Drew, Apostolos & Barton, Casper, for appellant.

G. Joseph Cardine, Casper, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY and McINTYRE, JJ.

PER CURIAM.

Plaintiff sued his employer to recover damages of some $70,000 for personal injuries allegedly sustained, while he was in the course of his employment, due to his employer's negligence. At the conclusion of plaintiff's case, the trial court granted the defendant-employer's motion for directed verdict, and this appeal was taken from the judgment entered thereon.

On March 17, 1964, shearing operations had been in progress at defendant's ranch for several days. A tractor-loader, purchased by defendant in November 1963 in a used condition, was being operated by another employee to load sacks of wool on a truck. Plaintiff would roll the wool on the loader's bucket and at times would climb up the side of the truck and straighten the sacks. Immediately prior to the accident, both plaintiff and defendant were on the truck. Plaintiff had started to climb down but at defendant's suggestion climbed into the bucket with him to ride down. The bucket tripped and both men were dropped approximately nine to twelve feet to the frozen ground. X rays later disclosed that plaintiff had compression fractures of two vertebrae and that he suffered from osteoporosis which made his injuries more severe.

Plaintiff's argument before this court is that the jury could reasonably and logically have inferred that the proximate cause of his injuries was the negligent failure of defendant to properly inspect, maintain, and lubricate the loader, that defendant by imposing a new and unintended use upon the machine subjected plaintiff to an undue risk of harm, and that the court should not have granted defendant's motion for a directed verdict.

A careful review of both plaintiff's brief and oral argument discloses no claim of negligence having been proved against defendant. True, plaintiff says that an employer has a duty to inspect and maintain equipment and appliances, but he points out nothing to show that the accident in the instant case resulted from a lack of such inspection or maintenance. On inquiry by the court, plaintiff was indefinite in asserting that the case should be governed by the doctrine of res ipsa loquitur but said that this was a specific application of the rule and that the accident could not have happened if negligence had not been present and that accordingly the burden shifted to the defendant to prove a lack of negligence. He cites numerous cases to substantiate this position, one of which grew out of the tipping backward of a chair where the evidence showed that the chair had been known for years as unsafe. His other authorities relate to unexpected and unexplained startings of automatic and more or less complicated machines in mills, factories, and the like, inapplicable here. The doctrine of res ipsa loquitur is limited to situations where a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care. The facts before us do not warrant the application of that doctrine, and we see no occasion to apply the requested ramification of it.

As to the argument that defendant imposed new and unintended uses upon the machine, thereby subjecting plaintiff to undue risk and harm, his authorities on this aspect are not based on res ipsa loquitur but on proof of negligence, which was here lacking.

Affirmed.