**Lucylle Moon HALL, Appellant
(Plaintiff below),**

v.

**CODY GAS COMPANY, a Corporation,
Appellee (Defendant below).**

No. 3871.

Supreme Court of Wyoming.

Dec. 10, 1970.

Margie M. Williams, Cody, for appellant.

J. D. Fitzstephens, of Goppert & Fitzstephens, Cody, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Lucylle Moon Hall brought an action for damages against Cody Gas Company in connection with a fire which damaged her home near Cody, Wyoming. Her claim was based on allegations that a broken regulator on the gas line caused higher than normal gas pressure which resulted in flames from a bathroom heater blazing up to the ceiling and setting the house on fire.

Trial was to the court without a jury. Plaintiff's evidence was presented, following which the defendant moved for judgment. The court held there was no evidence of negligence on the part of defendant and granted judgment for the defendant and against plaintiff. No evidence on behalf of the gas company had been offered. Mrs. Hall has appealed.

We have had much argument about what is and what is not a part of the record, particularly with respect to statements made in response to a request for admissions. The report on pretrial conference states counsel for the parties submitted pretrial memoranda, "which are herewith attached and by this reference made a part hereof."

Inasmuch as the memoranda of counsel for the parties have been made a part of the pretrial conference report, it becomes clear (when such memoranda are considered) that defendant admits plaintiff's home was burned by fire caused by gas under higher than normal pressure entering her house. Also, it is admitted the cause of the gas going into the house at higher than usual pressure was the breaking of a regulator which regulates the pressure of the

gas between the gas main and the house. Other admissions on behalf of the defendant, which appellant claims should be a part of the record, become immaterial and unnecessary for us to consider in our disposition of the case.

The question we deem determinative of the appeal is whether plaintiff's evidence was sufficient to make a prima facie case for plaintiff. Appellant contends the doctrine of res ipsa loquitur should be applied, and if applied, a prima facie case was made out for plaintiff. The argument overlooks the fact that plaintiff alleges in her complaint that:

"On February 4, 1966 said regulator was broken by small children throwing rocks at said regulator thus causing the flow of gas into the home of plaintiff at greatly increased pressure."

It is the theory of both plaintiff and defendant that the regulator was broken by third parties throwing rocks. The breaking of the regulator allowed higher than normal gas pressure and this is what caused the fire.

■ The doctrine of res ipsa loquitur is limited to situations where a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care. Sayre v. Allemand, Wyo., 418 P.2d 1006, 1007; North Central Gas Company v. Bloem, Wyo., 376 P.2d 382, 385.

In the ordinary course of things the accident would have happened in the case now before us, regardless of proper care on the part of the gas company, because the regulator had no internal defect. It ceased to function properly on account of being broken externally by third parties.

■ The doctrine of res ipsa loquitur is predicated upon plaintiff's inability to specify the act of negligence which caused his injury; he is therefore permitted to rely on the doctrine as a substitute for specific proof. O'Donnell v. Maves, 103 Ariz. 28, 436 P.2d 577, 580; Scott v. Burke, 39 Cal.2d 388, 247 P.2d 313, 320–321; Bremer v. Shoultes, 7 Wash.2d 604, 110 P.2d 641, 644; Stanolind Oil & Gas Co. v. Bunce, 51 Wyo. 1, 62 P.2d 1297, 1308.

In the *Stanolind* case just cited, Justice Riner said, if the circumstances do not show or suggest that defendant should have superior knowledge, or if the plaintiff himself possesses equal or superior means of explaining the occurrence, the rule may not properly be invoked.

■ That is precisely the situation in the case we are dealing with. The plaintiff alleged that the regulator had been broken by third parties throwing rocks at it. Also, she introduced pictures in evidence showing the broken regulator in the midst of rocks. There can be no doubt about her knowledge of the occurrence being at least equal to that of the defendant.

Under the circumstances, we must hold plaintiff is not entitled to invoke the maxim of res ipsa loquitur. She does suggest the regulator was not maintained in a safe place. As to whether there was negligence on the part of the gas company in that regard, however, the matter was a question of fact for the trier, which in this instance was the trial judge.

■ We find the evidence in that regard such that the trial court was justified in believing plaintiff failed to prove negligence on the part of defendant in locating and maintaining the regulator where it was—especially since res ipsa loquitur does not apply.

In consequence of what has been said we must hold the district court was entitled to enter judgment as it did.

Affirmed.