**Jane L. WOOD (Napier), Appellant (Plaintiff),**

v.

**GEIS TRUCKING CO., INC., a Wyoming Corporation, Appellee (Defendant).**

**No. 5575.**

Supreme Court of Wyoming.

Feb. 2, 1982.

---

Joel M. Vincent and John R. Vincent, Hettinger & Leedy, P. C., Riverton, for appellant (plaintiff).

Robert G. Berger, Lonabaugh & Riggs, Sheridan, for appellee (defendant).

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

Appellant Wood, plaintiff below, brought an action seeking recovery for the death of approximately 30 sheep that had been transported by appellee Geis from one location to another on the Wood ranch. In count one of her complaint she alleged that Geis Trucking was absolutely liable as an insurer for damage to the livestock. This count was dismissed in response to appellee's motion for summary judgment. Appellant also charges that Geis was liable for breach of contract and for negligently causing the death of the sheep. The case was tried to the court upon these allegations and resulted in a judgment for the appellee on a finding that neither allegation had been proven. From this adverse judgment the appellant raises the following issues for our consideration:

1. Did the trial judge err in failing to find that the sheep died as a direct result of the inhalation of smoke caused by the fire?

2. Was the summary judgment on the issue of the carrier's absolute liability proper?

3. Did the trial judge properly conclude that the doctrine of res ipsa loquitur did not apply under the facts of this case?

4. Was the trial court's finding that appellant had failed in her burden of proving negligence or breach of contract against the weight of the evidence?

We will affirm.

## FACTS

In early April of 1978 appellant Wood and appellee Geis entered into an oral contract for the transportation of 1,818 impregnated ewes. The sheep were loaded onto four of Geis's trucks at the Wood ranch on April 27, 1978. The agreement called for the appellee to transport the ewes to the Nowood Stock Trail on Gooseberry Ranch.

While Gerald Geis was transporting the sheep, the diesel tractor that he was driving caught fire. Upon noticing the black smoke rising from the engine compartment, Mr. Geis stopped the truck and attempted to put out the fire with the fire extinguisher he carried inside the cab. Mr. Clinton Breedon soon arrived and attempted to assist Mr. Geis. Directly following the arrival of Breedon, his father and another local rancher, Mrs. Alice Beckley, came upon the scene. With their assistance the fire was finally extinguished although large clouds of black smoke had been emitted during the short time the fire had burned. There was a dispute at trial as to whether the smoke had been blown back into the trailer containing the ewes, or whether it had risen and dissipated above the trailer.

When the fire was extinguished, the trailer was attached to a new diesel tractor and the ewes were delivered to the stock trail. According to the testimony, all of the animals seemed healthy when unloaded, but soon after, while the ewes were being driven up a steep incline to the pasture some two miles away, some of them died. During this same period, a heavy winter snowstorm had begun. It was not until two days after the storm that some 30 to 35 sheep were discovered dead.

Approximately two weeks later, appellant requested that a veterinarian perform autopsies on some of the dead animals. On the basis of four or five autopsies the doctor was unable to conclusively determine the cause of death of the ewes, although, he apparently believed that smoke inhalation was or could have been a contributing cause. Ms. Wood then brought the present suit seeking to recover for the value of the dead animals.

## CAUSE OF DEATH OF THE EWES

The appellant claims that the trial judge erred in failing to find that the facts supported her allegation that the ewes died as a direct result of smoke inhalation. In support of her position she relies heavily on the fact that the fire emitted large clouds of black smoke, and she also relies upon the testimony of a sheepherder that several of the sheep had died a very short time after the unloading. He also said he observed that some of them were coughing and having trouble breathing.

Certainly there was evidence admitted at trial which suggested that the sheep died as a result of smoke inhalation. Appellant, however, overlooks the testimony of her own expert who was unable to conclusively conclude that the animals' cause of death was due to the inhalation of smoke only. The veterinarian said he thought smoke inhalation was a circumstance linked to the animals' death, but he could not rule out other contributing factors such as the severe snowstorm, the ewes' impregnated condition or the fact that the sheep had been sheared about a week earlier. Taken as a whole, the record would indicate that the doctor was unable to draw any firm conclusions as to the cause of death because the autopsies were not performed until about two weeks after the animals had expired.

In our view, the evidence presented a conflict and a question of fact for the trier of fact. Although, in its judgment, the trial court did not specifically determine the cause of death of the sheep, we must conclude that the judgment carries with it every finding of fact supported by the evidence. *Dechert v. Christopulos*, Wyo., 604 P.2d 1039 (1980); *Skinner v. Skinner*, Wyo.,

601 P.2d 543 (1979). In reviewing a trial court's judgment, we will only consider the evidence in favor of the successful party, giving such evidence every favorable inference. *City of Rock Springs v. Police Protection Association*, Wyo., 610 P.2d 975 (1980). Under the relevant facts as they are tested by these guidelines, we cannot agree with appellant's position that the evidence in this case can support a conclusion that the sole cause of death was smoke inhalation. This being so, we must and do assume that the trial judge determined that the evidence did not support a finding that the ewes died as a result of smoke inhalation. Such a finding is not clearly erroneous and cannot be overturned. *Elder v. Jones*, Wyo., 608 P.2d 654 (1980); *Meeker v. Lanham*, Wyo., 604 P.2d 556 (1979).

In addition, it is important to note that the causation question concerning the ewes' death is not dispositive of appellant's position since, as will be discussed later, she failed to prove any negligence on the part of appellee.

*Did Appellant Have to Prove Negligence?*

As noted previously, appellant alleged that appellee Geis was absolutely liable, as an insurer, for the death of the ewes. This count was dismissed on appellee's motion for summary judgment.

■ On prior occasions, this court has discussed the liability of a common carrier as an insurer. See: *Chicago, B. & Q. R. Co. v. Tolman*, 31 Wyo. 175, 224 P. 671 (1924); *Oregon Short Line Railway Company v. Blyth*, 19 Wyo. 410, 118 P. 649 (1911); and *Shikany v. Salt Creek Transp. Co.*, 48 Wyo. 190, 45 P.2d 645 (1935). However, the rule of absolute liability has only been imposed in those situations where the goods are lost, or destroyed in transit and never reach their destination.[1] In the situation where goods or livestock are delivered to their destination in damaged condition, this court has always required that some showing of

negligence on the part of the carrier be made before the owner of the goods will be permitted to recover. *Worland v. Davis*, 31 Wyo. 108, 223 P. 227 (1924); *Union Pacific Railroad Co. v. Pacific Market Company*, 28 Wyo. 461, 206 P. 143 (1922); *Chicago, B. & Q. R. Co. v. Simpson Bros.*, 23 Wyo. 342, 151 P. 902 (1915); *Chicago, B. & Q. R. Co. v. Morris*, 16 Wyo. 308, 93 P. 664 (1908). In view of the fact that Geis, in the case at bar, delivered all of the transported ewes to the predetermined destination point, the trial judge correctly concluded that the absolute-liability rule was not applicable. It therefore became incumbent upon appellant to prove negligence on the part of Geis in order to recover.

*Application of Res Ipsa Loquitur*

Appellant also sought to invoke the doctrine of res ipsa loquitur as a ground for recovering from Geis. The trial judge determined that appellant had failed to sustain her burden under the doctrine, and that it should not be applied in this case. We agree with this conclusion.

■ Our case law holds that the doctrine of res ipsa loquitur is limited to those situations where the thing which causes damage or injury, without the fault of the plaintiff, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if one having such control uses proper care. *Langdon v. Baldwin-Lima-Hamilton Corporation*, Wyo., 494 P.2d 537 (1972); *Hall v. Cody Gas Company*, Wyo., 477 P.2d 585 (1970); *Stanolind Oil & Gas Co. v. Bunce*, 51 Wyo. 1, 62 P.2d 1297 (1936). Basically, the doctrine allows a plaintiff to recover for negligence even though he is unable to point to a specific act of negligence which caused his injury. *Hall v. Cody Gas Company*, supra, 477 P.2d at 586. It is a rule of limited application, and is not to be applied where the circumstances warrant an inference that the injury or damage

---

1. In *Oregon Short Line Railway Company v. Blyth*, supra, a shipment of china was lost in transit and never delivered. In *Chicago, B. & Q. R. Co. v. Tolman*, supra, 247 sheep in the shipment were lost and never delivered. In *Shikany v. Salt Creek Transp. Co.*, supra, an oriental rug was lost and never delivered.

did not result from the negligence of the defendant, or where the object causing injury was not in the exclusive control of the defendant. *Stanolind Oil & Gas Co. v. Bunce,* supra, 62 P.2d at 1305.

■ With these rules in mind, there can be no doubt that the trial judge was correct in refusing to apply the doctrine of res ipsa loquitur in this case. Even if the engine fire were assumed to have been the proximate cause of death, appellant has failed to prove that the fire was caused through the negligence of appellee. Many other causes for the fire could be inferred, such as defective construction of the supercharger or improper installation in the engine compartment. The fact that the fire occurred did not necessarily mean it resulted from some negligent act on the part of the appellee. In addition, it is unrefuted that at the time the sheep died they were no longer in the exclusive control of the carrier Geis. Finally, as we noted previously, it was never conclusively proven that the cab fire was in fact the sole cause of appellant's loss. In this situation res ipsa loquitur could not form the basis of appellant's recovery.

### Evidence of Negligence or Breach of Contract

■ In relation to these last issues, we believe that appellant's contentions are generally without merit. In the judgment, the trial judge specifically found that appellant had failed to prove that Geis Trucking had breached a duty of care or had breached the contract. Our review of the record discloses that these findings are not clearly erroneous and must be upheld. *City of Rock Springs v. Police Protection Association,* supra.

As noted earlier, it was incumbent upon the appellant to prove in this case that appellee Geis was negligent or that it had breached the contract in some way. We find, as the trial judge did, that she failed on both counts. No evidence was ever presented in support of appellant's position that Geis had been negligent in causing the fire or in transporting the ewes. Also, the evidence strongly supports the trial judge's conclusion that the operator of the truck acted prudently in putting out the fire and in protecting the cargo. Finally, in relation to the claim on the contract, it is undisputed that the sheep were loaded, transported, and delivered with the exercise of ordinary care on the part of appellee. No terms of the contract required more, and therefore no breach was shown. Although we sympathize with appellant's loss, we cannot uphold alleged liability where facts to support liability have not been proven.

Affirmed.